62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Glen F. MULLINS, Plaintiff-Appellant,
v.
David W. TROUTMAN, Sheriff, Defendant-Appellee.
 No. 94-3670.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1995.
 
 1
 Before: JONES and BOGGS, Circuit Judges, and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Glen F. Mullins, pro se, appeals a district court order granting the defendant's motion for summary judgment and denying the plaintiff's motion for summary judgment in this civil rights case filed under 42 U.S.C. Sec. 1983. The defendant is the Sheriff of Summit County, Ohio, and the county official in charge of the Summit County Jail (SCJ). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Mullins filed this Sec. 1983 complaint in February of 1990, alleging that Troutman failed to implement a procedure at SCJ for routine testing of inmates for tuberculosis and claiming that such screening would have prevented Mullins from contracting the disease at the time he was housed there from December 10, 1987, through March 2, 1988. In a prior order, this court reviewed this complaint and ordered that the case be remanded to allow Mullins the opportunity to amend his complaint pursuant to Fed. R. Civ. P. 15(a). In his amended complaint, Mullins alleged that he contracted tuberculosis while confined at SCJ in 1977 and 1978.
 
 
 4
 The district court found that Mullins had not established deliberate indifference to a serious medical need to establish a violation of his rights under the Eighth Amendment's Cruel and Unusual Punishment Clause. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The court also concluded that no jury could find that Mullins contracted tuberculosis due to any procedure that may have been lacking at SCJ at any time in the prison's history. Accordingly, the district court granted summary judgment in favor of the defendant.
 
 
 5
 On appeal, Mullins raises two issues: 1) whether the district court abused its discretion when it rendered judgment in favor of the defendant when "all the evidences [sic] substantiated the plaintiff's cause of action"; and 2) whether the district court abused its discretion when its decision was unsupported by any finding of fact or conclusion of law.
 
 
 6
 This court's review of a grant of summary judgment is de novo. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir. 1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir. 1993).
 
 
 7
 Mullins has failed to meet his burden of presenting sufficient evidence to show a genuine issue that should be tried concerning whether Mullins contracted tuberculosis at any time he was housed at SCJ. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Moore v. Philip Morris Cos., 8 F.3d 335, 339-40 (6th Cir. 1993). Thus, the district court's grant of summary judgment in favor of the defendant on this issue was proper.
 
 
 8
 The record also supports the district court's conclusion that Mullins failed to show the defendant was deliberately indifferent to a serious medical need. This prisoner's tuberculosis was inactive when he tested positive on all occasions while housed at SCJ. Mullins was not suffering from any symptoms of the disease and was not contagious to any other prisoners at any time relevant to this lawsuit. Prison officials prescribed appropriate medication for Mullins's condition and Mullins was given at least two chest x-rays during his confinement at SCJ in 1988 and 1989 to be sure that his tuberculosis had not become active.
 
 
 9
 Accordingly, the district court's judgment granting the defendant's motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation